Rosalinda V. Amash (SBN 213905)
LAW OFFICE OF ROSALINDA V. AMASH
1223 Wilshire Blvd., #493
Santa Monica, CA 90403
T: (424) 268-4610
E: rosalinda@amashlaw.com

SPECIALLY APPEARING for DEFENDANTS ALEXANDRA SARIGIANIDES, an individual; and ATHANASLOS YORTZIDIS TRUST, an individual

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA CORE, an individual, | ) **CASE NO.: 2:20-cv-06128** |
| | ) **JAK(AGRx)** |
| Plaintiff, | ) |
| v. | ) |
| | ) **DEFENDANTS' NOTICE OF** |
| ALEXANDRA SARIGIANIDES, an | ) **MOTION AND MOTION TO** |
| individual; ATHANASLOS YORTZIDIS, an | ) **DISMISS COMPLAINT FOR** |
| individual; AND DOES 1-10, | ) **LACK OF PROPER SERVICE** |
| | ) **[FED. R. CIV. P. RULE 12(B)(5)]** |
| Defendants. | ) |
| | ) |

**DATE:   February 8, 2021**
**TIME:  8:30 A.M.**
**COURTROOM: 10B**
**JUDGE:  HON. JOHN A. KRONSTADT**

        NOTICE IS HEREBY GIVEN that on February 8, 2021, at 8:30 a.m., or as

soon thereafter, in Courtroom 7A of the above-captioned court specially appearing

Defendants, ALEXANDRA SARIGIANIDES, an individual and ATHANASLOS

YORTZIDIS TRUST, an individual, respectfully moves the Court for an order

dismissing the complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for

insufficient service of process.

This motion is based on this notice and motion papers, memorandum of points and authorities, and the pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be presented at the hearing of this motion.

Defendant's counsel contacted Plaintiff's counsel on several occasions. On August 13, 2020, Defendant's counsel emailed Plaintiff's counsel that service was improper and Defendant's counsel would accept service on behalf of the Defendants.  Defendant's counsel refused.  On August 17, 2020 and again on August 19, Defendant's counsel telephoned Plaintiff's counsel as to the improper service and Defendant's counsel willingness to accept service on behalf of Defendants to avoid this motion. Again, Plaintiff's counsel refused. The attempts to discuss this case with Defendant's counsel was useless.

LAW OFFICE OF ROSALINDA V. AMASH
By: _____
     Rosalinda V. Amash
     Attorneys Specially Appearing for
     DEFENDANTS, ALEXANDRA
     SARIGIANIDES and ATHANASLOS
     YORTZIDIS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff and serial litigant, Brenda Core, filed this complaint on July 9, 2020, asserting two claims for disability discrimination: violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181 et seq; and violation of California's Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq. ("Unruh"). (Dkt. 1)  In the complaint, the Plaintiff, who claims to suffer from "a Marfan related condition," alleges that on three occasions in 2019 and 2020 she visited Bobo's Burgers located at 13433 Van Nuys Blvd. in Pacoima, CA.  She claims to have "personally encountered" barriers to accessibility, mainly parking related.

Plaintiff filed returned proofs of services as to the Defendants, Alexandra Sarigianides and Athanaslos Yortzidis. (Doc. 11-13).  The proofs of service indicate that they were both served on July 24, 2020.  Specifically, the proofs of service state the Defendants were served in "compliance with Federal Rules of Civil Procedure"[1] by "Substituted Service" at a "business" address of 2701 Firestone Blvd., Ste C in South Gate, CA. (Doc. 11-13).  Plaintiff's proof of service further attests that substitute service was made on "John Doe," the "Person in Charge,

_____

[1]   Federal Rule of Civil Procedure 4(e)(20 does not authorize service at a place of business; it only authorizes personal service, substitute service at an individual's dwelling or usual place of abode, or substitute service on a specifically authorized agent.

Authorized to Accept Service of Process." The Affidavit of Reasonable Diligence,

attached to the Proof of Service, states the process server went to the "business

location" on two previous occasions but the business was locked. The process

server returned and on the third attempt found the door locked but effected

substitute service on "John Doe." No efforts were made to find a home address for

the Defendants or effect personal service on them. Accordingly, Plaintiff's

purported service of process does not comply with the Federal Rules of Civil

Procedure. Therefore, Defendants make a special appearance to contest service of

process pursuant to Rule 12(b)(5).

II.   **DISCUSSION**

A.   **Service of process**

Federal courts cannot exercise personal jurisdiction over a defendant without

proper service of process. *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97,

104, 108 S.Ct. 404, 409, 98 L.Ed.2d 415 (1987). "Thus, before a court may

exercise personal jurisdiction over a defendant, there must be more than notice to

the defendant and a constitutionally sufficient relationship between the defendant

and the forum." *Omni Capital*, 484 U.S. at 104, 108 S.Ct. at 409. When the validity

of service is challenged by a Rule 12 motion, the burden is on the plaintiff to

establish validity of service. *Brookmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004); see also *Forsythe v. Overmyer*, 576 F.2d 779, 781 (9th Cir. 1978) (plaintiff generally has the burden to establish jurisdiction).  Federal Rule of Civil Procedure 12(b)(5) authorizes a defendant to move for dismissal based on insufficient service of process.

Service of process is governed by Federal Rule of Civil Procedure 4. Federal Rule of Civil Procedure 4(e) of the Federal Rules of Civil Procedure provides, in relevant part, that a plaintiff may serve an individual in a judicial district by the following: "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

**B.    Purported Service on Defendants is Invalid**

Challenges to the manner of service are interpreted strictly, as a liberal construction of Rule 4 "cannot be utilized as a substitute for the plain legal requirement as to the manner in which service of process may be had." *Mid-Continent Wood Products, Inc. v. Harris*, 936 F.2d 297, 300 (7th Cir. 1991). "[A] signed return of service of process constitutes prima facie evidence of valid service

which can be overcome by strong and convincing evidence." *SEC v. Internet Solutions for Bus. Inc.*, 509 F.3d 1161, 1163 (9th Cir. 2007).  Here there is strong and convincing evidence from the face of the proofs of service that the service of process effected in this case was insufficient, ineffective and not served in compliance under Federal Rules of Civil Procedure 4(e)(2).

Here, the Plaintiff failed to comply with rules of service.  The Plaintiff did not personally serve the Defendants. FRCP 4(2)(A). The Plaintiff did not serve the Defendants at their adobes. FRCP 4(2)(B). The Plaintiff did not serve the Defendants by delivering a copy of the complaint to their authorized agent to receive service of process. FRCP 4(2)(C).

On a cursory review of the return of service of process with respect to the defendants state the "substituted service" was made in "compliance with Federal Rules of Civil Procedure" at "business" address at "2701 Firestone Blvd Ste C South Gate, CA." (Doc. 11-13).  However, Federal Rule of Civil Procedure 4(e)(2) does not authorize service at a place of business; it only authorizes personal service, substitute service at an individual's dwelling or usual place of abode, or substitute service on a specifically authorized agent.  Therefore, although the proof of service purports that service was made in "compliance with Federal Rules of Civil Procedure," this is clearly not the case.

Clearly, the "service" effected here was not reasonably calculated to give Defendants actual notice of the pending lawsuit.  Plaintiff resorted to serve the

Defendants at a unverified "business" without making any effort to personally serve the Defendants at their home addresses, which are readily available by a search of public records.

The proper inquiry in evaluation of this motion is whether Plaintiff fulfilled her mandatory requirements to effect service on the Defendant.  The Plaintiff did not attempt to follow the requirements of Federal Rules of Civil Procedure

In sum, here Plaintiff made no attempt to locate a residential address or a possible work address for Plaintiffs and instead attempted service at a location without verifying whether Defendants actually worked there or otherwise connected to the address.  Plaintiff failed to investigate the most logical place to effect personal service on the Defendants, i.e., home and instead choose to attempt service at a location with unverified connection to the Defendants, thereby diminishing the likelihood that the Defendants would actually receive notice of the lawsuit.  These facts lead to the only conclusion that the Plaintiff did not make a reasonably diligent effort to personally serve the Defendants, resorting instead to purported substitute service that was not reasonably calculated to give actual notice of the instant lawsuit to Defendant.

Therefore, the "substitute service" made on the Defendants was ineffective.  Here, the Court should exercise its discretion to dismiss the action rather than quashing service of process.  Plaintiff's counsel refused to cooperate, refused to provide a copy of the proofs of service, and rejected Defendants' counsel's offer to

accept service to avoid bringing a motion. Based on the foregoing, the Court should exercise its discretion to dismiss the action.

## III.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for insufficient service of process should be granted.

LAW OFFICE OF ROSALINDA V. AMASH

By: _____

Rosalinda V. Amash
Attorneys Specially Appearing for
DEFENDANTS, ALEXANDRA
SARIGIANIDES and ATHANASLOS
YORTZIDIS

## <u>PROOF OF SERVICE</u>

I am employed in the County of Los Angeles, State of California.  I am over the age of 18, and not a party to the within action.  My business address is 1223 Wilshire Blvd., #493,  Santa Monica, California 90403.

On the date indicated below, I served the foregoing document(s) described as: **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR LACK OF PROPER SERVICE [FED. R. CIV. P. RULE 12(B)(5)]** on the interested parties as follows:

These documents were served on all the parties identified for Notice of Electronic Filing generated by the Court's CM/ECF system under the above referenced case caption and number, including the parties identified in the attached service list.

[ ]   **(BY MAIL)**  I placed the document(s) in sealed envelope(s) addressed as set forth above and caused such envelope(s) to be deposited in the mail at Los Angeles, California. The envelope(s) was/were mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing.  It is deposited with U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **(BY OVERNIGHT MAIL)**  I placed the document(s) in sealed envelope(s) addressed accordingly and caused such envelope(s) to be deposited in the delivery box regularly maintained by OVERNITE EXPRESS, in an envelope package designated by OVERNITE EXPRESS with delivery fees paid or provided for addressed as set forth above.

[ X]   **(BY NOTICE OF ELECTRONIC FILING)** I delivered a true copy of the above-referenced document or documents by Notice of Electronic Filing generated by the Court's CM/ECF system, pursuant to the Court's Local Rules, to the addressee or addressees listed above.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I declare under penalty of perjury under the laws of the state of California and the United States of America that the foregoing is true and correct. Executed on August 19, 2020, at Los Angeles, California.

_____

Rosalinda V. Amash